UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>         Plaintiff,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., a Delaware corporation d/b/a ECONO LODGE ENCINITAS MOONLIGHT BEACH,<br><br>         Defendant. | Case No.: 3:16-cv-00310-GPC-JMA<br><br>**ORDER GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[ECF No. 7] |

  Before the Court is Defendant Choice Hotels International, Inc. d/b/a Econo Lodge Encinitas Moonlight Beach ("Defendant's") amended motion to dismiss Plaintiff Theresa Brook's ("Plaintiff's") First Amended Complaint ("FAC") (ECF No. 5). (ECF No. 7.) The motion has been fully briefed. (*See* ECF Nos. 9, 10.) The Court deems the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Defendant's motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

  Plaintiff's FAC alleges violations of Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102 *et seq.* and the regulations implementing the ADA, 28

1

C.F.R. §§ 36.101 *et seq.* and seeks declaratory and injunctive relief.  In addition, Plaintiff has filed supplemental state claims under the California Unruh Civil Rights Act, California Civil Code §§ 51, 52, and the California Disabled Persons Act ("DPA"), California Civil Code §§ 54–54.3.

Plaintiff ambulates with the aid of a wheelchair due to loss of a leg.  (FAC ¶ 1, ECF No. 5.)  Plaintiff is a self–proclaimed "civil rights plaintiff" who "bring[s] serial litigation" to ensure public accommodations comply with the ADA.  (Opp'n at 1, ECF No. 9.)  Defendant owns and/or operates and does business as the hotel Econo Lodge Encinitas Moonlight Beach located at 410 N. Coast Hwy 101, Encinitas, California 92024.  (FAC ¶ 2, ECF No. 5.)  Econo Lodge Encinitas Moonlight Beach is a public accommodation that offers public lodging services.  (*Id.*)

On or about January 8, 2016, Plaintiff contacted Defendant's hotel for purposes of booking a room in the San Diego[1] area.  (*Id.* ¶ 24.)  Plaintiff inquired whether Defendant's hotel pool had a pool lift or other means of access for disabled persons.  (*Id.*)  Defendant's representative stated that the hotel pool did not have a pool lift or other means of access.  (*Id.*)  Plaintiff's agent, as part of a due diligence investigation, independently verified that the pool did not have a pool lift.  (*Id.*)  Plaintiff alleges she has personal knowledge of at least two barriers[2] related to her disability, that is, the pool is inaccessible to her by virtue of her confinement to a wheel chair, and she is currently deterred from visiting Defendant's accommodation by this accessibility barrier.  (*Id.* ¶ 26.)  Therefore, she alleges she has suffered an injury in fact for the purpose of her standing to bring this action.  (*Id.*)  Without the presence of a fixed pool lift or other means of permitting Plaintiff equal access to the pool, Plaintiff's disability prevents her from equal enjoyment of the pool.  (*Id.* ¶ 28.)

---

[1] The FAC repeatedly suggests that Defendant's hotel is located in the Orange County (*see, e.g.,* FAC ¶¶ 24, 25, 29.)  However, Defendant's hotel is located in San Diego.
[2] Although Plaintiff refers to two barriers, the FAC only discusses one—the lack of a pool lift or other means of pool access for disabled people.

1 | Plaintiff alleges she "intends to travel to the location of [] Defendant's place of
2 | public accommodation in the future for business, pleasure or medical treatment," but
3 | because of Defendant's noncompliant pool, she was deterred from "staying or returning to
4 | seek accommodations at Defendant's hotel." (*Id.* ¶¶ 29, 31.) Plaintiff further alleges she
5 | "wishes to travel to the location of Defendant's place of public accommodation for
6 | personal, business and/or medical treatment and wants to stay in hotels there. But for the
7 | presence of architectural barriers at Defendant's hotel, Plaintiff would consider staying at
8 | [] Defendant's hotel." (*Id.* ¶ 34.)

9 | Plaintiff further alleges she "has frequented the [San Diego] area in the past." (*Id.*
10 | ¶ 29.) She also states she "has several planned personal and business trips to the [San
11 | Diego] area in the coming months and for the indefinite future in light of new business
12 | developments in which she recently became involved." (*Id.*) In light of these new
13 | developments, Plaintiff states she will "in fact [] lodge at Defendant's hotel if and when
14 | the barriers are removed." (*Id.* ¶ 34; *see id.* ¶¶ 25, 30.)

15 | Upon Plaintiff's information and belief, though Defendant has centralized policies
16 | regarding the management and operating of its hotel, Defendant does not have a plan or
17 | policy that is reasonably calculated to make its entire hotel fully accessible to and
18 | independently usable by, disabled people. (*Id.* ¶ 35.) Plaintiff, or an agent of Plaintiff,
19 | intends to return to Defendant's hotel to ascertain whether it remains in violation of the
20 | ADA. (*Id.* ¶ 38.) Plaintiff and other disabled persons have been injured by Defendant's
21 | discriminatory practices and failure to remove architectural barriers. (*Id.* ¶ 39.) These
22 | injuries include being deterred from using Defendant's facilities due to the inaccessibility
23 | of Defendant's pool and the denial of the opportunity to use said pool. (*Id.*) Without
24 | injunctive relief, Plaintiff and others will continue to be unable to independently use
25 | Defendant's hotel pool in violation of her rights under the ADA. (*Id.* ¶ 40.)

26 | On March 3, 2016, Defendant filed an amended motion to dismiss. (Mot. Dimiss,
27 | ECF No. 7.) On March 12, 2016, Plaintiff filed an opposition, and Defendant filed a reply
28 | on April 15, 2016. (ECF Nos. 9, 10.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In civil cases, federal courts have subject matter jurisdiction over only those cases where either diversity jurisdiction or federal question jurisdiction exist.  *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068–69 (9th Cir. 2005).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332.  Federal question jurisdiction exists in cases that arise under federal law.  *Id.* § 1331.  Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

The Supreme Court has instructed courts to take a "broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the ADA.'" *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039–40 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life. Ins. Co.*, 409 U.S. 205, 209 (1972)).  However, while "its purpose is 'sweeping,' *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001), and its mandate 'comprehensive,' 42 U.S.C. § 12101(b)(1), the ADA's reach is not unlimited." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  Rather, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating [her] standing to sue at each stage of the litigation." *Id.* (citing U.S. Const. art. III, § 2*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Because "they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561; *see also Chapman*, 631 F.3d at 946 ("[A]s with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by

1  demonstrating his standing to sue at each stage of the litigation.").

## DISCUSSION

Article III of the Constitution confers on federal courts the power to adjudicate only cases or controversies. U.S. Const., art. III, § 2. "'One element of the case–or–controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *see also Lujan*, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). The plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Where a plaintiff seeks injunctive relief, he must also show a significant possibility of future harm. *See San Diego Cnty. Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir.1996). *See Pickern,* 293 F.3d at 1137–38.

In order for an ADA plaintiff to allege an injury that is imminent, she must express more than a "vague desire to return" to the accommodation's location. *Summers*, 555 U.S. at 496. Absent a "firm intention to visit" the location, the plaintiff has not alleged facts "to satisfy the requirement of imminent injury[.]" *Id.* In other words, "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that [Supreme Court] cases require." *Lujan*, 504 U.S. at 564 (emphasis in original). General statements regarding Plaintiff's intent to travel to an area—in this pleading Orange County, not even an area in which Defendant's hotel is located—are insufficient to allege an "actual and imminent" injury. *Summers*, 555 U.S. at 493

In the ADA context, courts evaluate the possibility of future harm by assessing the likelihood a plaintiff will again visit the premises at issue. Consistent with these Ninth Circuit opinions, some district courts have examined the following factors to determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing: "(1) the proximity of defendant's business to plaintiff's

residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook at Blue Ravine*, LLC, No. 2:10-CV-2387 JAMDAD, 2012 WL 2993890, at *3 (E.D. Cal. Jul. 20, 2012) (quoting *Lema v. Comfort Inn, Merced*, 1:10–cv–00362–SMS, 2012 WL 1037467 at *5 (E.D. Cal. Mar. 27, 2012)). Cases addressing an ADA plaintiff's standing to sue allegedly non–compliant hotels reveal that all such plaintiffs with standing have at least alleged that they have visited the region in which the hotel was located and had concrete plans to return to that area in the future. *See, e.g.,* in *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (finding actual or imminent injury sufficient to establish standing where a plaintiff demonstrated an intent to return and desire to visit the accommodation if it were made accessible with reference to *specific* past and future trips); *Doran*, 524 F.3d at 1040 (same where although the store in question was 550 miles from the plaintiff's home, the plaintiff had visited the store on ten to twenty prior occasions and asserted that he planned to visit Anaheim, where the store was located, at least once a year on annual trips to Disneyland).

None of these factors support standing here. Here, Plaintiff currently resides in Pinal County, Arizona, approximately 400 miles away from Defendant's hotel. (FAC ¶ 1.) Plaintiff alleges she "has frequented the [San Diego] area in the past" and "has several planned personal and business trips to the [San Diego] area in the coming months and for the indefinite future in light of new business developments[3] in which she recently became

---

[3] Notably, because standing is judged at the time the lawsuit is instituted, if Plaintiff's "recent" involvement in "business developments" occurred after she filed her original complaint, her newly alleged future visits to San Diego do not serve as a basis for subject matter jurisdiction in this case. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). Plaintiff cannot simply manufacture jurisdiction where it does not exist by alleging newfound plans to visit San Diego. *Cf. D'Lil*, 538 F.3d 1031, 1039 n.9 (9th Cir. 2008) ("A careful review of [plaintiff's] testimony [] shows that she had at least one concrete plan to return to the Santa Barbara area at the time that she filed suit.").

1    involved." (FAC ¶ 29.) She further states she "in fact [] will lodge at Defendant's hotel if
2    and when the barriers are removed." (*Id.* ¶ 34; *see id.* ¶¶ 25, 30.) Plaintiff elsewhere alleges
3    she "intends" or "wishes" to travel to San Diego "in the future." (*Id.* ¶¶ 29, 34.) However,
4    Plaintiff fails to identify even one past trip to San Diego or specify any definitive plans for
5    future travel. *See Moreno v. N.W. Dealerco Holdings LLC*, No. SACV 14-00375-
6    CJC(DFMx), 2014 WL 3888248, at *2 (C.D. Cal. Aug. 6, 2014) (dismissing case for lack
7    of subject matter jurisdiction in part because plaintiff "fail[ed] to allege any definitive plans
8    to return" to the place of defendant's accommodation). Such allegations are virtually
9    identical to those the Supreme Court rejected as insufficient in *Lujan*, 504 U.S. at 563–64,
10   and *Summers*, 555 U.S. at 496. Plaintiff's FAC is devoid of any "description of concrete
11   plans, or indeed even any specification of *when*" her trips are planned. *Lujan*, 504 U.S. at
12   564. Her most concrete statement is that she has "several planning personal and business
13   trips to the [San Diego] area *in the coming months*." (FAC ¶ 29 (emphasis added).) She
14   does not specify any dates for her future travel, any details concerning her alleged new
15   business developments, or even state which part of San Diego she intends to visit—in fact,
16   she states she has planned several personal and business trips to the Orange County area,
17   which is at least sixty miles away from the location of Defendant's hotel.

18   Accordingly, in light of these factors and absent any description of Plaintiff's
19   concrete plans to visit San Diego in the future, whatever speculative likelihood exists that
20   Plaintiff may someday visit or return to San Diego is insufficient to confer standing upon
21   her to sue Defendant. *See Johnson*, No. 2:10-CV-02387 JAM-DAD, 2012 WL 2993890,
22   at *4 ("though [p]laintiff testifies that the ADA violations deter him from returning to the
23   [accommodation] and that he would like to return once the property altercations are
24   complete, he presents no corroborating evidence" and thus has "failed to satisfy the
25   'imminent injury' requirement"); *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1182–84
26   (D. Nev. 2013) (distinguishing *Pickern* and holding that the plaintiff lacked standing
27   because he failed to present any evidence of a specific intent to return to the Luxor hotel in
28   Las Vegas and did not demonstrate that he prefers the Luxor or that it was the most

convenient hotel and casino location for him).

## CONCLUSION

Because Plaintiff has not pled either injury in fact or a real and immediate threat of repeated injury that would be cured by injunctive relief, Plaintiff's ADA claim is **DISMISSED WITH PREJUDICE**. Plaintiff's ADA claim was the only claim over which Plaintiff alleged the Court had original subject matter jurisdiction. In light of the dismissal of the ADA claim on jurisdictional grounds, the Court does not have discretion to retain supplemental jurisdiction over Plaintiff's state law claims and must dismiss them. *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). Accordingly, Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling such claims in state court.

The hearing scheduled for **Friday, May 13, 2016** is hereby **VACATED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED**.

Dated:  May 5, 2016

Hon. Gonzalo P. Curiel
United States District Judge